STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss                                      CIVIL ACTION
                                                    Docket No. RE-2009-133
                                                    ノ/ハイ    　　 　  ５/

SUNTRUST MORTGAGE,
INC.,

                      Plaintiff,
                                                    ORDER ON PLAINTIFF'S
           v.                                       MOTIONS FOR SUMMARY
                                                    JUDGMENT AND DEFAULT
PAUL S. ADLER,                                      JUDGMENT

                      Defendant,
and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

and

EVERGREEN CREDIT UNION,

           Parties-In-Interest.


Before the court is plaintiff's motion for summary judgment on its complaint and

plaintiff's motion for default and default judgment against party-in-interest, Mortgage

Electronic Registration Systems, Inc.

I.    Entry of Default and Default Judgment

The plaintiff requests that this court grant its motion for entry of default against

party-in-interest, Mortgage Electronic Registration Systems, Inc. Rule 55(a) provides for

entry of default "when a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend as provided by these rules and that fact is made

to appear by affidavit or otherwise . . . ." In foreclosure actions, Rule 55(a)(1) states:

> No default or default judgment shall be entered in a foreclosure action
> filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes
> except after review by the court and determination that (i) the service and
> notice requirements of 14 M.R.S. § 6111 and these rules have been strictly

1

performed, and (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage.

M.R. Civ. P. 55(a)(1); see also M.R. Civ. P. 55, August 2009 advisory committee's note, as amended October 2009 ("This amendment to Rule 55[a] is designed to assure that, prior to entry of any default in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with.").

This court finds that the party-in-interest was served on June 22, 2009 and has failed to plead or otherwise defend the plaintiff's complaint within the time set forth in the Maine Rules of Civil Procedure. (See Higgins Aff. ¶¶ 4-5.) The court GRANTS plaintiff's motion for entry of default against the party-in-interest. The entry of default merely establishes the truth of the allegation in the complaint. Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability."). A default does not deprive the party-in-interest of its priority position with regard to the foreclosure sale proceeds. 14 M.R.S.A. § 6324.

II.    Summary Judgment

The plaintiff moves for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S.A. § 6321, et seq. No response was filed by the defendant. Regardless of whether the defendant has filed an objection, however, this motion is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court has an independent

---

[1] M.R. Civ. P. 56(j) provides:
 No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the

2

obligation to ensure compliance with this rule. M.R. Civ. P 56(j) advisory committee's note to 2009 amend.[2] The court must also determine if the mortgage holder has set forth in its statement of material facts, supported by evidence that could be admissible at trial, the minimum facts necessary for summary judgment in a residential mortgage foreclosure. Chase Home Finance LLC v. Higgins, 2009 ME 136, ¶ 11, 985 A.2d 508, 510-11.

Having reviewed the file, the court concludes that the following requirements for a summary judgment of foreclosure have or have not been met:

| | Compliant | Non-compliant or unclear |
|---|---|---|
| **Service:** Proof of service on all defendants and parties in interest. | X | ☐ |
| **Jurisdiction:** Case brought in the court division where the property (or any part of it) is located. *See* § 6321. | X | ☐ |
| **Mortgage:** | | |
| Proof of existence of the mortgage, book and page number, and adequate description of property (including street address if any on first page of complaint). | X | ☐ |
| Properly presented proof of ownership of the mortgage, including any assignments or endorsements. | X | ☐ |
| **Note:** Properly presented proof of ownership of the mortgage | X | ☐ |

court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

[2] The Advisory Committee note states:

This amendment to Rule 56 is designed to assure that, prior to entry of any summary judgment in a foreclosure action, the trial court reviews the record and determines that, as required by law, the notice and service requirements of law have been complied with and any available mediation has been completed or has been waived.

M.R. Civ. P 56(j) advisory committee's note.

3

| | Compliant | Non-compliant or unclear |
|---|:---:|:---:|
| note, including all assignments and endorsements. | | |
| **Breach**: A breach of condition in the mortgage. | ✗ | ☐ |
| **Amount Due**: The amount due on the mortgage note, including any reasonable attorney fees and court costs. | ✗ | ☐ |
| **Priority**: The order of priority and amounts due to other parties in interest, including any public utility easements. | ☐ | ✗ |
| **Notice**: Evidence that all steps mandated by 14 M.R.S. § 6111 to provide notice to mortgagor were strictly performed. | ☐ | ✗ |
| **M.R. Civ. P. 56**: All facts relied upon in support of summary judgment are properly set forth in Rule 56(h) statements and properly supported in the record. | ☐ | ✗ |
| **Mediation**: If required by M.R. Civ. P. 93 (for cases filed after Dec. 31, 2009) or court order, proof mediation has been completed or validly waived (by action or by default). | N/A | |
| **SCRA**: If defendant has not appeared in the action, a statement, with supporting affidavit, of whether the defendant is in military service as required by the Servicemember's Civil Relief Act, 50 U.S.C. app. § 521. | ✗ | ☐ |

The plaintiff's motion for summary judgment is denied for the following reasons: The statement of material facts does not state the order of priority and amounts due to the parties-in-interest Mortgage Electronic Registration Systems, Inc. and Evergreen Credit Union. Evergreen Credit Union filed an answer and affidavit in this case.

Additionally, the plaintiff failed to set forth in its statement of material facts proof that the notice requirements set forth in 14 M.R.S.A. § 6111(1) were met or that an exception in 14 M.R.S.A. § 6111(5) applies. 14 M.R.S.A. § 6111(5) is an exception to the notice requirements in 14 M.R.S.A. § 6111. 14 M.R.S.A. § 6111(5), which was repealed on February 24, 2010, applies to this action.[3] The statement of material facts does not, however, set forth sufficient facts indicating which provision of 14 M.R.S.A. § 6111(5)

---

[3] The notice of default and right to cure is dated February 5, 2009. (Pl.'s Ex. E.)

4

governs.[4] The plaintiff failed to indicate which provision of the mortgage exempts it from the notice requirements set forth in 14 M.R.S.A. § 6111(1). The plaintiff alleges only that it sent a demand letter to the defendant in strict compliance with 14 M.R.S. § 6111. (Pl.'s S.M.F. ¶ 4.) "The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." M.R. Civ. P. 56(h)(4). Finally, the plaintiff failed to provide proof that the notice of default and right to cure was sent by registered or certified mail, as required by 14 M.R.S. § 6111(3).

The entry is

> The Plaintiff's Motion for Entry of Default against Party-in-Interest Mortgage Electronic Registration Systems, Inc. is GRANTED. Party-in-Interest Mortgage Electronic Registration Systems, Inc. is DEFAULTED.

> The Plaintiff's Motion for Summary Judgment is DENIED.

Date: May 13, 2011

Nancy Mills
Justice, Superior Court

---

[4] 14 M.R.S.A. § 6111(5) states that 14 M.R.S.A. § 6111 does not apply to:
A. A mortgage subject to the provisions of Title 9-A, section 5-111 or a mortgage, other than a first lien mortgage, that is made subject to the provisions of Title 9-A, section 5-111 by agreement of the parties to the mortgage;
B. A mortgage that contains a requirement that a reinstatement notice, a notice of right to cure or an equivalent notice be given to the mortgagor at least 30 days prior to accelerating the maturity of the unpaid balance of the obligation or otherwise enforcing the mortgage against the mortgagor, if the mortgagee gives such a notice to the mortgagor and to any cosigner against whom the mortgagee seeks to enforce the obligation secured by the mortgage; or
C. A mortgage when the mortgagee accelerates the maturity of the unpaid balance of the obligation or otherwise enforces the mortgage on or after July 4, 1996 if the mortgage meets the requirements of paragraph A or B.

5

---------------------------------------------------------------------------

01 0000007826          COLLINS, NATHAN
     30 MILK STREET PO BOX 449 PORTLAND ME 04112-0449
     F    PAUL S ADLER                          DEF      RTND   07/22/2009

02 0000007275          OLSON, RICHARD P
     30 MILK STREET PO BOX 449 PORTLAND ME 04112-0449
     F    PAUL S ADLER                          DEF      RTND   07/22/2009

03 0000008888          DOW, JOSHUA R
     TWO MONUMENT SQUARE, 9TH FLOOR PO BOX 108 PORTLAND ME 04112
     F    EVERGREEN CREDIT UNION                PII      RTND   07/28/2009